UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CAUDILL SEED & WAREHOUSE CO., INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 4:15-cv-00004-TWP-TAB |
| vs. | ) ) | |
| MARK D. ROSE, | ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO AVOID FRAUDULENT CONVEYANCES**

Plaintiff Caudill Seed & Warehouse Co., Inc. asks the Court whether it may pursue certain fraudulently conveyed property of Defendant Mark D. Rose to satisfy its post-bankruptcy judgment against him. Rose objects, arguing issue preclusion. As set forth below, issue preclusion does not apply. The Court grants Caudill Seed's motion.

The judgment Caudill Seed seeks to enforce was obtained after the conclusion of Rose's bankruptcy. Clarifying the chronology of this judgment is important because it is relevant to Rose's argument. In 2008, Rose bought seed on credit from Caudill Seed. In 2010, Rose defaulted and Caudill Seed obtained a judgment against him. That 2010 judgment allowed Caudill Seed to become a creditor to Rose's bankruptcy estate when he filed for Chapter 7 relief in 2011. Before obtaining a discharge of his debt in 2014, Rose signed a reaffirmation agreement with Caudill Seed for a portion of the debt owed on the 2010 judgment. After obtaining the discharge, Rose defaulted on his reaffirmation agreement with Caudill Seed. On June 26, 2015, Caudill Seed obtained a judgment against Rose to recover the amount owed on the reaffirmation agreement. [Filing No. 19.]

Generally, judgment-creditors in Indiana rely on proceedings supplemental to enforce their judgments. *PNC Bank v. Broadbent*, No. 1:10-CV-0546-TWP-TAB, 2011 WL 3902794, at *1 (S.D. Ind. Aug. 2, 2011) (citing *Rose v. Mercantile Nat'l Bank of Hammond,* 868 N.E.2d 772, 775 (Ind. 2007)).  A judgment-creditor proceeds against a garnishee-defendant in a proceeding supplemental as a continuation of the original cause of action. *Id.*  In Indiana, this process is governed by Trial Rule 69. *Borgman v. Aikens*, 681 N.E.2d 213, 217 (Ind. Ct. App. 1997).  Under that rule, "proceedings supplemental to execution may be enforced ... in the court where the judgment is rendered." Ind. Trial Rule 69(E).  The court may enforce the payment of money by writ of execution, but "real estate shall not be sold until the elapse of six months from the time the judgment or execution thereon becomes a lien upon the property." Ind. Trial Rule 69(A).  Furthermore, the court may order the judgment-creditor to obtain a title insurance policy which runs to all parties interested in the litigation with expenses paid from the first proceeds of the sale. Ind. Trial Rule 69(F).

Motions to avoid fraudulent conveyances are common in proceedings supplemental because the purpose of the action is to clear obstacles preventing enforcement. *PNC Bank*, 2011 WL 3902794, at *1.  Under Indiana law, a creditor may initiate an action for relief against a debtor's fraudulent conveyance to obtain "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Ind. Code § 32-18-2-17(a)(1) (2016).  "If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court orders, may levy execution on the asset transferred or its proceeds." *Id*. § 32-18-2-17(b).

Caudill Seed instituted this proceeding supplemental and seeks to utilize Indiana law to enforce its 2015 judgment by levying execution on a list of Rose's assets. [Filing No. 54, at ECF p. 20-22.] Caudill Seed alleges that these assets were fraudulently conveyed by Rose and asks

the Court to avoid the transfers and enforce its 2015 judgment.  Rose does not dispute Caudill

Seed's factual assertions that the assets were fraudulently conveyed or are under his control, but

argues that Caudill Seed's motion is doomed by issue preclusion.  Rose contends that most of

these assets were already subject to the bankruptcy trustee's adversary proceeding for fraudulent

conveyances, which precludes Caudill Seed from similarly avoiding the transfers.  Caudill Seed

responds that issue preclusion does not apply.  The Court agrees with Caudill Seed.

"The doctrine of issue preclusion 'bars successive litigation of an issue of fact or law

actually litigated and resolved in a valid court determination essential to the prior judgment, even

if the issue recurs in the context of a different claim.'"  *Bernstein v. Bankert*, 702 F.3d 964, 994

(7th Cir. 2012) (quoting *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008)).  Issue preclusion only

applies when the same issue is involved in two proceedings and the issue was previously

determined by a "valid and final judgment."  *Id.* (quoting *Bobby v. Bies,* 556 U.S. 825, 834

(2009)).

Issue preclusion does not apply here.  Although the trustee similarly brought an action

against Rose to avoid his fraudulent conveyances on many of the same assets, the bankruptcy

court made no determination or judgment on that issue.  The bankruptcy court simply approved

the trustee's settlement with Rose relative to those conveyances and approved the trustee's

release of the fraudulent conveyance claims.  [Filing No. 56-8.]  The bankruptcy court

determined that the trustee's settlement was in the best interest of the bankruptcy estate, not that

the property was fraudulently conveyed or under Rose's control.  Thus, nothing about the

fraudulent conveyance was actually litigated for issue preclusion to apply.

What is more, Caudill Seed does not need permission from the bankruptcy court to

enforce a post-bankruptcy judgment.  Caudill Seed is properly relying on this proceeding

supplemental to enforce its judgment against Rose.  Rose's reliance on *In Re Leonard*, 125 F.3d 543, 544 (7th Cir. 1997), is misplaced.  The key difference in *Leonard* is the fact that the creditor there tried enforcing a pre-bankruptcy judgment.  Here, Caudill Seed is enforcing a post-bankruptcy judgment, obtained as a result of bankruptcy negotiations.  The 2010 judgment is related to the 2015 judgment, but they are completely different causes of action.  The 2015 judgment is the only cause of action being continued here, which was obtained after Rose's bankruptcy discharge.

Caudill Seed may enforce its 2015 judgment against Rose by pursuing the assets it lists. Rose does not deny he is in control of these assets and the bankruptcy trustee did not retain an exclusive right to any of Rose's assets in perpetuity to the exclusion of Rose's future creditors. Once Rose executed the reaffirmation agreement with Caudill Seed and received his discharge in bankruptcy, Caudill Seed became a post-bankruptcy creditor and was free to obtain a judgment for Rose's default on the reaffirmation agreement.  Rose cannot use the settlement agreement with the bankruptcy trustee as immunity from a post-bankruptcy judgment.  Rose does not dispute that the assets listed by Caudill Seed are under his control or that he transacts business under the alter ego of MMR Farms, LLC, Mark M. & Mark D. Rose LLC, or Rose Farms and Cattle Co., Inc.  Since Caudill Seed lists specific assets and Rose does not contest their inclusion, the parties have not presented this Court with a conflict over any of the listed assets.  *E.g.* *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 771 (7th Cir. 2015).  Thus, Caudill Seed may avoid Rose's transfers of these assets to the extent necessary to satisfy its judgment.

Moreover, Caudill Seed points out that some of the listed property was transferred by Rose after January 4, 2012, the date of the settlement agreement with the bankruptcy trustee. [Filing No. 57, at ECF p. 6.]  Even if issue preclusion applied here, Caudill Seed would still be

entitled to levy execution on: (1) Rose's residence and estate of over one hundred acres, transferred to Mark Matthew Rose and Martha Rose on January 14, 2014, (2) a twenty-three acre tract of land located in Scott County, transferred to MMR Farms LLC on October 23, 2013, and (3) the personal property itemized on MMR Farms LLC's 2014 Federal Asset Report.  [Filing No. 57, at ECF p. 6.]  Rose's issue preclusion argument does nothing to address this property and he raises no argument in defense of these transfers.

Accordingly, the Court grants Caudill Seed's motion [Filing No. 54] for avoidance of the real and personal property transfers listed in its motion.  [Filing No. 54, at ECF p. 20-22.] Caudill Seed may levy execution on those assets to the extent necessary to satisfy its 2015 judgment.  [Filing No. 19.]  The transfers between Rose and the grantees shall remain valid, and the only effect of this order enforcing Caudill Seed's judgment is to subject the property to execution as though it were still in the name of Rose.

Caudill Seed must also execute in compliance with Indiana Trial Rule 69 and according to creditor priorities.  Caudill Seed must first obtain a lien on real property and allow the passage of six months prior to execution.  Ind. Trial Rule 69(A).  Caudill Seed is also ordered to obtain a qualified title opinion for all parties of interest.  Ind. Trial Rule 69(F).  Furthermore, Caudill Seed must satisfy its judgment according to its priority, since it is not the only creditor with a valid security interest in Rose's property.

Date: 4/18/2016

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Scott C. Byrd
SCBYRD LAW FIRM
scottbyrd@scbyrdlaw.com

Neil C. Bordy
SEILLER WALTERMAN LLC
bordy@derbycitylaw.com