UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CAUDILL SEED & WAREHOUSE CO., INC., <br><br>         Plaintiff, <br><br> vs. <br><br> MARK D. ROSE, <br><br>         Defendant. | ) ) ) ) ) ) ) ) ) ) ) |

No. 4:15-cv-00004-TWP-TAB

**ORDER**

On April 18, 2016, this Court granted Plaintiff Caudill Seed & Warehouse Co., Inc.'s motion to avoid fraudulent conveyances. [Filing No. 60.] MMR Farms LLC now moves the Court to "clarify" its prior order. [Filing No. 72.] What MMR really wants, however, is for the Court to set aside its prior order so that MMR may respond to Caudill Seed's motion to avoid fraudulent conveyances. The Court will treat MMR's motion as a motion for reconsideration, and for the reasons set forth below, MMR's motion is denied.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008); *see e.g., Nerds on Call, Inc. (Ind.) v. Nerds on Call, Inc. (Cal.),* 598 F. Supp. 2d 913, 916 (S.D. Ind. 2008) ("when the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not reasoning), where a significant change in the law occurred, or where significant new facts have been discovered.") Motions for reconsideration allow the Court to correct its own error and avoid unnecessary appellate proceedings. *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995).

MMR asks the Court to set aside the order granting Caudill Seed's motion to avoid fraudulent conveyances in order to join MMR as a party, give it notice of the motion, and give it an opportunity to respond. A transferee is a necessary party in a fraudulent conveyance claim because the transferee has a right to be heard before an order to return the transferred assets is entered. *WMH Tool Grp. Hong Kong Ltd. v. Illinois Indus. Tool, Inc.*, No. 05 C 1139, 2006 WL 1517778, at *3 (N.D. Ill. May 24, 2006). While MMR is a transferee of Defendant Mark D. Rose and therefore a necessary party, failure to officially join MMR prior to granting Caudill Seed's motion to avoid fraudulent conveyances was, at most, an oversight. A motion for reconsideration "is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment." *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999). In actuality, MMR responded to Caudill Seed's motion but asks for this Court's order to be set aside, giving it a second bite at the apple. The Court declines to do so.

The Court's prior order allows Caudill Seed to avoid Rose's transfers of seven pieces of real estate and over $2 million of personal property to MMR. [Filing No. 60, at ECF p. 5; Filing No. 54, at ECF p. 20-22.] The Court agrees MMR is a necessary party and the issue of joinder is implicated. However, the Court notes that MMR recently joined this case as an interested party. Because MMR has entered this case, ordering joinder under Rule 19(a)(2) is unnecessary.

The timing of MMR's entry into this case is the main issue. Technically, due process concerns are implicated because MMR joined this case after this Court granted Caudill Seed's motion. As MMR points out, the order was entered on April 18, 2016, and it was not until a few weeks later, on May 9, 2016, that MMR's attorney, Neil C. Bordy, filed an appearance on behalf of MMR as an interested party in this case. Notwithstanding this timing, the case filings as a

whole present ample evidence of MMR's participation in this case long before the order on Caudill Seed's motion to avoid fraudulent conveyances was entered.  Foremost, MMR expressly defended itself against Caudill Seed's motion.  Defendant's objection to that motion states, "Comes now, **MMR Farms LLC**, Mark Matthew Rose, and Martha Rose, (the "Respondents") Garnishment defendants and respondents herein, **by counsel**, and hereby object to the Motion to Avoid Fraudulent Conveyances."  [Filing No. 56] (emphasis added).  Also significant is MMR's participation in discovery before Caudill Seed filed its motion.  Twice in 2015, Mark Matthew Rose verified interrogatories tendered to MMR.  [Filing No. 73-1, 73-2]  Also in 2015, Bordy identified himself as counsel for MMR. [Filing No. 73-2.]  Caudill Seed points out that Matt Rose was served with a summons and testified at a hearing on behalf of MMR, and that Bordy participated in discovery and negotiated potential settlement agreements as counsel for MMR. [Filing No. 73, at ECF p. 6-7.]  These instances demonstrate that MMR was on notice of this case and was heard.  When Caudill Seed pointed out MMR's participation in its response brief, MMR didn't even bother to file a reply brief.  The only reasonable conclusion is that MMR was heard, by counsel, when it defended itself against Caudill Seed's motion to avoid fraudulent conveyances.  Although MMR was not formally joined at the time, MMR was afforded due process.  MMR's motion [Filing No. 72] is denied.  The Court will not set aside its prior order so that MMR can respond again.

Date: 7/29/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Scott C. Byrd
SCBYRD LAW FIRM
scottbyrd@scbyrdlaw.com

Neil C. Bordy
SEILLER WALTERMAN LLC
bordy@derbycitylaw.com