UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CAUDILL SEED & WAREHOUSE CO., INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:15-cv-00004-TWP-TAB ) ) |
| MARK D. ROSE, | ) ) |
| Defendant. | ) ) ) |
| MMR FARMS, LLC, MARTHA ROSE, | ) ) ) ) |
| Interested Parties. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S RENEWED APPLICATION FOR CHARGING ORDER**

Plaintiff Caudill Seed & Warehouse Co., Inc. seeks a charging order against Defendant Mark D. Rose's economic interest in 32 acres located at 13812 Nabb-New Washington Road, Nabb, Clark County, Indiana. According to the purchase agreement for this property, Mark M. Rose and Mark D. Rose are the buyers, as tenants in common. [Filing No. 71, at ECF p. 1.] Caudill Seed seeks a lien against Rose's interest in this property to satisfy the judgment against Rose in this case, entered on June 26, 2015. [Filing No. 19.] Rose argues he has no interest in this property, but the evidence shows otherwise.

There is a rebuttable presumption that two or more persons holding title as tenants in common possess equal shares. *Willett v. Clark*, 542 N.E.2d 1354, 1358 (Ind. Ct. App. 1989) (citing *Baker v. Chambers*, 398 N.E.2d 1350, 1351 (Ind. Ct. App. 1980)). To refute this presumption, extrinsic evidence of contribution can be shown. *Id.* Rose submits an affidavit of

Mark M. Rose (Rose's son, more commonly referred to as "Matt") that Matt has made all of the payments under the purchase agreement and that Rose has not made any of the payments. [Filing No. 86-2, at ECF p. 1.] Rose argues that although the purchase agreement lists him as a tenant in common with Matt, Rose has no interest in the property because he did not financially contribute to its purchase.

However, the doctrine of contribution stands for the proposition that Matt should not bear the total burden of Caudill Seed's lien on their jointly owned property, not that Caudill Seed should be blocked from filing a lien against Rose's interest. *See Balvich v. Spicer*, 894 N.E.2d 235, 245 (Ind. Ct. App. 2008) ("contribution rests on the principle that where parties stand in equal right, equality of burden becomes equity"). Based on Matt's affidavit, he unequally contributed to purchasing this property. Pursuant to contribution law, Matt would thus be permitted to recover from Rose for the "portion he should have borne." *Small v. Rogers*, 938 N.E.2d 18, 23 (Ind. Ct. App. 2010).

Rose argues that Matt's full contribution discharged their joint debt and extinguished his interest in the property. But the purchase agreement is not a promissory note creating a joint debt. It is an agreement that once full payment is made, the sellers will convey the real estate to Mark M. Rose and Mark D. Rose, as tenants in common. [Filing No. 86-1, at ECF p. 3.] As such, Rose has an obvious interest in the title to the property, which makes it subject to Caudill Seed's judgment.

Accordingly, Caudill Seed's motion for a charging order [Filing No. 77] should be granted. Rose's economic interest in the 32 acres located at 13812 Nabb-New Washington Road, Nabb, Clark County, Indiana, should be charged against any unsatisfied part of Caudill

Seed's judgment against Rose.  [Filing No. 19.]  Caudill Seed should obtain a lien against Rose's interest in the real estate.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 3/27/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Laura Anne Harbison
APPLEGATE FIFER PULLIAM LLC
lah@harbisonlaw.com

Scott C. Byrd
SCBYRD LAW FIRM
scottbyrd@scbyrdlaw.com

Neil C. Bordy
SEILLER WALTERMAN LLC
bordy@derbycitylaw.com