# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| CAUDILL SEED & WAREHOUSE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00004-TWP-TAB |
| | ) | |
| MARK D. ROSE, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION TO MODIFY CHARGING ORDER ([Filing No. 126](#))

This matter is before the Court on Plaintiff Caudill Seed & Warehouse Co.'s ("Caudill Seed") Objections to the Magistrate's Report and Recommendation on its Motion to Modify Charging Order ([Filing No. 126](#)). ([Filing No. 127](#).) On July 17, 2017, the Magistrate Judge entered a Report and Recommendation, ([Filing No. 126](#)), recommending that the district court deny Caudill Seed's Motion to Modify Charging Order ([Filing No. 116](#)), and Garnishee-Defendant Mark Matthew Rose's ("Matt Rose") Motion for Evidentiary Hearing ([Filing No. 122](#)). Caudill Seed filed a timely objection to the Report and Recommendation asserting that the Magistrate Judge erred in failing to include "100% of the Roses' economic interest in the Contract for Sale of Real Estate for 32 acres located at 13812 Nabb-New Washington Road, Clark County, Indiana" (the "Contract Property"). Caudill Seed argues the charging order in this action should be modified as it is entitled to a lien on both Mark Rose's and Matt Rose's economic interest in the Contract Property. For the following reasons, the Court **OVERRULES** Caudill Seed's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

On April 17, 2017, this Court adopted a Report and Recommendation which granted Caudill Seed a charging order against Mark Rose's economic interest in the Contract Property. ([Filing No. 107](#).) Caudill Seed now seeks modification of the charging order, specifically requesting a lien against both Mark Rose's *and* his son, Matt Rose's interest in the Contract Property.

The motion was referred to the Magistrate Judge. ([Filing No. 118](#).) The Magistrate Judge issued the following succinct and legally sound recommendation:

> According to the purchase agreement for this property, Mark and Matt will hold title to the property as tenants in common, "each owning a one half undivided interest." [[Filing No. 77-1, at ECF p. 1](#).] The prior charging order provided for Caudill Seed to obtain a lien against Mark's one half interest in the property to satisfy the judgment against Mark. [[Filing No. 107](#), *adopting* [Filing No. 103](#).] The instant motion asks the Court to expand Caudill Seed's entitlement to the property to include Matt's economic interest. However, Caudill Seed does not provide a legal basis to support its position. Rather, Caudill Seed points to checks signed by Mark. This does not affect the Court's prior order.
>
> As previously explained, Mark and Matt will jointly own the property and may utilize the doctrine of contribution with each other to equalize the burden of Caudill Seed's lien based on the portion of their contribution. Caudill Seed fails to point to any law that allows it to place a lien on Matt's one half interest. Evidence of mortgage liens and property value does not affect the outcome here. Therefore, Caudill Seed's motion to amend the charging order [[Filing No. 116](#)] and Matt's motion for an evidentiary hearing [[Filing No. 122](#)] should be denied.

[Filing No. 126 at 1-2](#) (emphasis in original).

Caudill Seed now appeals the Magistrate Judge's decision. ([Filing No. 127](#).)

## II. LEGAL STANDARD

"A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions. 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. DISCUSSION

Caudill Seed objects to the Magistrate Judges Report and Recommendation and requests that the Court award it 100% of both Mark Rose's *and* Matt Rose's economic interest in the Contract Property. Caudill Seed argues that it is legally entitled to an attachment on the property pursuant to the Indiana Uniform Fraudulent Transfer Act ("IUFTA") and because Matt Rose is Mark Rose's alter ego.

The IUTFA is codified in Indiana Code §32-18-2-17(b). This provision states: "If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court orders, may levy execution on the asset transferred or its proceeds." This statute thus authorizes an attachment. In response, Matt Rose argues that Caudill Seed is not seeking the proper statutorily

3

proscribed relief. Under the IUFTA "a judgment creditor may have relief either in: (1) Avoidance of the transfer... or (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with … IC 34-25-2-1 or any other applicable statute providing for attachment…. *See* Ind. Code § 32-18-2-17(a)(2)." ([Filing No. 128 at 2](#).) In the Order on Motion to Avoid Fraudulent Conveyances, ([Filing No. 60](#)), this Court granted Caudill Seed's Motion for avoidance of the real and personal property transfers listed in that motion ([Filing No. 54 at 20-22](#)). The statute proposed by Caudill Seed authorizes attachment rather than avoidance, and thus fails to provide a legal basis for a modification of the charging order.

Caudill Seed next argues that Matt Rose has been and continues to be Mark Rose's alter ego in the farming business and/or instrumentality for fraud. ([Filing No. 127 at 4](#).) The Court agrees with Matt Rose, the language in the Court's order finding certain properties were fraudulently transferred was not an actual determination of Caudill Seed's alter ego allegations. *See* [Filing No. 60 at 4](#).

In addition, Matt Rose notes that under Indiana law, a purchaser's interest in a land installment contract—such as his interest in the Contract Property—is a real property interest and not a personal property interest. *See Skendzel v. Marshall*, 301 N.E. 2d 642 (Ind. 1973); *McLemore v. McLemore*, 827 N.E.2d. 1135 (Ind. Ct. App. 2005). Charging orders, may be issued under the authority of the Indiana Uniform Partnership Act and the Indiana Business Flexibility Act, however, charging orders are used to attach tangible personal property not otherwise secured by a properly filed financing statement. As such, Matt Rose argues correctly that his interest in the Contract Property may only be attached by a money judgment of record or a notice of *lis pendens* for a claim later reduced to money judgment; thereafter Caudill Seed may foreclose upon the lien

to collect the amount due. A modification of the charging order is not the proper means by which Caudill Seed may obtain attachment of Mark Rose's interest in the Contract Property.

Caudill Seed asserts that for the past eight years it has attempted to collect the debt owed by Mark Rose, and that his son, Matt Rose, has fraudulently assisted Mark Rose in concealing assets to avoid paying the debt owed. This may be true, but as the Magistrate Judge determined, Caudill Seed fails to point to any law that allows it to place a lien on Matt Rose's one half interest in the Contract Property. As counsel for the Roses noted, "[e]ven bad actors are entitled to due process, and third party transferees such as Matt Rose should not have process ignored to their detriment." ([Filing No. 128 at 7](#).) The Court agrees with this conclusion. Having found no legal bases to modify the charging order, Caudill Seed's Motion is **denied**.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Caudill Seed's Objections ([Filing No. 127](#)) and **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 126](#)). Caudill Seed's Motion to Modify Charging Order ([Filing No. 116](#)) is **DENIED,** and Matt Rose's Motion for Evidentiary Hearing ([Filing No. 122](#)) is also **DENIED**.

**SO ORDERED.**

Date: 3/27/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott C. Byrd
SCBYRD LAW FIRM
scottbyrd@scbyrdlaw.com

Neil C. Bordy
SEILLER WALTERMAN LLC
bordy@derbycitylaw.com